## Koon v. Mallett, Adm'r, et al.

1. **Parent and Child**: PROOF OF PATERNITY: JUDGMENT IN SEDUC-
TION CASE. The rendition of a verdict does not prove the finding of
such facts as were not necessary to sustain the verdict. Accordingly,
*held* that a verdict, and judgment thereon, in favor of plaintiff 's mothet
and against defendant's intestate, for seduction, which was alleged to
have resulted in the birth of plaintiff, did not conclusively prove that
plaintiff was the child and heir of the defendant's intestate.

*Appeal from Clinton Circuit Court.*

MONDAY, DECEMBER 21.

THE plaintiff brings this action as the illegitimate daughter
of the defendant Mallett's intestate, W. D. Koon, and for the
purpose of establishing her heirship to his estate. She aver-
red in her petition, in substance, that she was such child,
and that her alleged paternity had been proven in an action
brought by her mother against W. D. Koon for damages
alleged to have been sustained by reason of seduction by said
Koon, which seduction resulted in her pregnancy; that upon
the trial of the action brought by her mother there were a
verdict and judgment in her mother's favor for $300; that
the present plaintiff was the child born to her mother, as the
result of such seduction; that W. D. Koon has since died,
leaving an estate of which the defendant Mallett is adminis-
trator, and the defendant Mary W. Koon claims to be sole
heir. The defendant demurred to the petition, and the

demurrer was sustained. The plaintiff electing to stand upon her petition, judgment was rendered against her for costs. She appeals.

*Charles M. Dunbar*, for appellant.

*Howat Bros.*, for appellees.

ADAMS, J.—Section 2466 of the Code provides that an illegitimate child shall inherit from its father whenever "the paternity is proved during the life of the father." In the action brought by the plaintiff's mother against Koon, the paternity of the plaintiff was clearly alleged and sworn to by the mother. Koon, however, denied it, not only in his answer, but in his testimony as a witness on the stand. So, looking at the pleadings and evidence alone, it is impossible to say that the alleged paternity was proven.

The plaintiff, however, relies upon the fact that the jury rendered a verdict in her mother's favor for $300 as damages. If such verdict could not properly have been rendered without a finding that Koon was the father of the child alleged to have been born as the result of the seduction, then it might be conceded that, for the purpose at least of that case, the paternity was proven. But the verdict did not necessarily show more than that the jury found the fact of seduction by Koon. The pregnancy and birth of a child were alleged as constituting a part of the damages sustained, and nothing more. Whether the verdict of $300 included such damages does not appear. The verdict was a moderate one, but we do not attach any importance to that fact. The evidence in the seduction case was such that it seems probable that, small as the verdict was, the jury included something for the birth of the child; but we do not attach any importance to that fact. The rendition of a verdict does not prove the finding of such facts as were not necessary to sustain the verdict. In our opinion we should not be justified in saying that the alleged paternity was necessarily proven in that case;

and, as the petition in this case does not allege any other proof than such as appears from the result of that case, we have to say that we think that the petition was insufficient, and that the demurrer was properly sustained.

AFFIRMED.